IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:16-cv-00095-MR
Criminal Case No. 1:12-cr-00128-MR-DLH

| | |
|---|---|
| LAWRENCE DOE, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. [CV Doc. 1].[1] The Government has filed its Amended Response thereto. [CV Doc. 10]. For the reasons stated herein, Petitioner's § 2255 motion will be granted.

## BACKGROUND

On December 4, 2012, Petitioner was indicted by the Grand Jury for the Western District of North Carolina on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 1].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-cv-95-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:12-cr-128-MR-DLH-1.

On August 21, 2013, Petitioner pleaded guilty to this offense. [CR Docs. 25; 26]. Following Petitioner's guilty plea, the probation office prepared a presentence report which concluded, inter alia, that Petitioner qualified to be sentenced as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) and USSG § 4B1.4. [CR Doc. 35 at ¶¶ 18, 25-26]. Such designation carried with it a statutory mandatory minimum sentence of 180 months. As a result, Petitioner's otherwise applicable Guidelines range of 135 to 168[2] months' imprisonment was statutorily elevated resulting in his sentencing range becoming 180 months' imprisonment. [Id. at ¶¶ 43-44].

At sentencing, the Court sentenced Petitioner to a term of 180 months' imprisonment. [CR Docs. 40 and 41]. Petitioner did not appeal.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[2] Based on a total offense level of 30 and a criminal history category IV.

**DISCUSSION**

In his § 2255 motion to vacate, Petitioner challenges his designation as an Armed Career Criminal contending that his predicate convictions – four South Carolina burglary offenses – no longer qualify as violent felonies under the now-infirm residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). [CV Doc. 1 at 6-7]. Petitioner relies on United States v. McLeod, 808 F.3d 972, 976 (4th Cir. 2015) (concluding that that South Carolina's second-degree burglary offense is broader than the generic burglary offense described in Taylor v. United States, 495 U.S. 575, 599 (1990)).

In its response, the Government concedes that Petitioner's South Carolina burglary convictions no longer qualify as violent felonies under the Armed Career Criminal Act pursuant to McLeod. [CV Doc. 10 at 4]. Further, the Government points out that, pursuant to the Supreme Court's recent decision in Mathis v. United States, — U.S. —, 2016 WL 3434400 (June 23, 2016), South Carolina's second-degree burglary offense is not divisible for purposes of determining whether a defendant's offense qualifies as a crime of violence. [Id.]. Accordingly, the Government agrees with Petitioner that his motion to vacate should be granted and that he should be resentenced without the Armed Career Criminal enhancement. [Id.].

## CONCLUSION

For the reasons stated herein, the Court concludes that Petitioner no longer qualifies as an Armed Career Criminal and should therefore be re-sentenced without application of such sentencing enhancement. Accordingly, the Court will grant the Petitioner relief on his § 2255 claim.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [CV Doc. 1] is **GRANTED** and his sentence is hereby **VACATED.**

**IT IS FURTHER ORDERED THAT:**

1. Petitioner shall remain in the custody of the Federal Bureau of Prisons and/or the United States Marshals Service pending his resentencing hearing.

2. The U.S. Probation Office is directed to prepare a Supplemental Presentence Report and file the same in the criminal case.

3. The Federal Defenders of Western North Carolina shall represent Petitioner at his resentencing hearing.

4. The Clerk of Court is directed to certify copies of this Order to the United States Bureau of Prisons, the United States Marshals Service, and the United States Probation Office.

5. Petitioner's resentencing hearing date shall be established by

subsequent Order of the Court.

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 5, 2016

Martin Reidinger
United States District Judge